IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| N.H., by and through his parents, Meri Kay Hodges and Sharon Hodges; Meri Kay Hodges; and Sharon Hodges, | 20-1872 |
| Plaintiffs, | |
| v. | Jury Trial Demanded |
| Wilkins Township, | Electronically Filed |
| Defendant. | |

**COMPLAINT AND JURY DEMAND**

Plaintiffs N.H., by his parents Meri Kay and Sharon Hodges, Meri Kay Hodges and Sharon Hodges bring this action against Defendant Wilkins Township and in support thereof allege as follows:

**I.   Introduction**

1.   Plaintiff N.H., a seven-year-old boy with autism and other disabilities that cause him to wander or run away from unsecure locations putting him at risk for injury, and his parents, Meri Kay Hodges and Sharon Hodges, bring this lawsuit pursuant to the Fair Housing Act, 42 U.S.C. § 3604(f), and Title II of the Americans With Disabilities Act, 42 U.S.C. §§ 12131-34, against Defendant Wilkins Township to compel Defendant to permit their family to install a six-foot fence around a portion of their yard to

provide N.H. with a safe outdoor play area. Plaintiffs also seek compensatory damages resulting from Defendant's unlawful conduct.

## II. Jurisdiction and Venue

2. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.

3. Plaintiffs' claims for declaratory and injunctive relief are authorized under 28 U.S.C. §§ 2201-02 and Fed. R. Civ. P. 65. Plaintiffs' claims for disability discrimination are authorized under the Fair Housing Act, 42 U.S.C. § 3613, and Title II of the Americans With Disabilities Act, 42 U.S.C. § 12133.

4. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1)-(2) since Defendant resides in this district and the events that gave rise to Plaintiffs' claims occurred in this district.

## III. Parties

5. Plaintiffs Meri Kay Hodges and Sharon Hodges are adult residents of Wilkins Township, Allegheny County, Pennsylvania.

6. Plaintiff N.H. is a seven-year-old boy who resides with his parents, Plaintiffs Meri Kay Hodges and Sharon Hodges, in Wilkins Township, Allegheny County, Pennsylvania. N.H. brings this lawsuit through his parents.

7. Defendant Wilkins Township is a Pennsylvania municipal corporation in Allegheny County, Pennsylvania.

## IV. Facts

N.H. and His Home

8. Like other kids his age, Plaintiff N.H., who is seven years old, likes to play outside in his yard.

9. Like other kids his age, N.H. requires for his development a safe space for outdoor recreation and exercise.

10. Plaintiff N.H. lives in his home in Wilkins Township with his parents, Plaintiffs Meri Kay Hodges and Sharon Hodges, and his brother.

11. Plaintiffs Meri Kay Hodges and Sharon Hodges purchased their single-family home in Wilkins Township, Allegheny County, Pennsylvania in February 2020.

12. N.H. has autism, which is a neurological and developmental impairment.

13. N.H. has global developmental delay, which means N.H. has significant delay in multiple areas of development.

14. N.H. has ADHD, which is a behavior disorder characterized by inattention, impulsivity, and hyperactivity.

15. Due to his autism and ADHD, N.H. is not able to follow directions.

16. Due to his autism and ADHD, N.H. is impulsive and unable to comprehend safety issues. He will run into traffic. He does not understand the danger of strangers or traffic, creating a risk of injury to N.H. if he runs from his home. N.H. requires constant supervision.

17. N.H.'s home does not have an enclosed outdoor area where he can safely spend time outdoors with his family or caretakers and his brother and friends.

18. Due to the lack of a safe outdoor play area at N.H.'s home, N.H. has limited opportunity for outdoor recreation and exercise.

19. The family's house is on a corner lot with the front door facing one street, and the garage and driveway facing the other street. The lot is roughly rectangular in shape. When facing the front door of the house, the lot is bounded by the first street in front, the intersecting street to the right, and neighboring residential lots to the left and behind. A survey of the family's lot indicating the location of the proposed fence is attached as Exhibit A.

20. When facing the house's front door, the lot has a very small yard behind the house, and a much larger yard to the left of the house.

21. The Wilkins Township Zoning Ordinance allows Plaintiffs to install a four-foot fence at the proposed location, but allows installation of a six-foot fence only in the portion of the area located in the "rear" yard. *See* Wilkins Twp. Code § 173-19. As a result, under Defendant's Ordinance, Plaintiffs may install a six-foot fence only in a portion of the outside space around N.H.'s home.

22. N.H. is currently about 4 feet, 1 inch tall and weighs about 67 pounds. He is very strong, fast, and energetic.

23. Because N.H. can grip the top of a four-foot fence, N.H. is able to climb over a four-foot fence.

24. In order to provide a safe outdoor play space for Plaintiff N.H., Plaintiffs Meri Kay Hodges and Sharon Hodges proposed to construct a

solid, six-foot fence, similar to the one shown below, enclosing a portion of their yard.



25. When facing the front door of the house, the proposed fence would enclose a portion of the large yard to the left of the house and a portion of the small yard behind the house. The fence would not protrude in front of or to the right of the house. *See* Exhibit A.

26. N.H. is not able to climb over the solid, six-foot fence proposed by his parents.

27. Wilkins Township does not have an established procedure for residents to request reasonable accommodations under the Fair Housing Act or Title II of the Americans With Disabilities Act.

6

Zoning Hearing Board Hearing

28. After moving into their home in Wilkins Township, Plaintiffs Meri Kay Hodges and Sharon Hodges, unrepresented by counsel, applied for a variance under Pennsylvania law to install a six-foot fence in their yard. Based on information from their realtor, it was their understanding that this was the only way to get permission to install the fence.

29. At that time, Plaintiffs were unaware of their right to request a reasonable accommodation under the FHA or ADA.

30. The Wilkins Township Zoning Hearing Board held a hearing on June 25, 2020 and July 23, 2020 regarding Plaintiffs Meri Kay Hodges and Sharon Hodges's application for variance.

31. At the hearing, Plaintiff Meri Kay Hodges testified that a six-foot fence was needed as a safety measure to keep N.H. from running out into the street or leaving the family's property without supervision.

32. At the hearing, Plaintiffs Meri Kay Hodges and Sharon Hodges submitted a letter from N.H.'s psychiatrist, Dr. Gautami Veeragandham, who explained that N.H. needed the fence due to his disability. Specifically, Dr. Veeragandham wrote that N.H. "tends to be very impulsive, leading to poor judgement and safety concerns" due to his autism, global developmental delay, and ADHD.

7

33. Dr. Veeragandham concluded that a fence higher than four feet in Plaintiffs' yard is needed for Plaintiff N.H.'s safety.

34. At the hearing, Plaintiffs Meri Kay Hodges and Sharon Hodges submitted an email from Paige Moeller, Crisis Clinician II for UPMC's Child and Adolescent Chronic-Disorders Treatment Intervention Service, explaining that she has been working with Plaintiffs for approximately five years and that she agrees a fence higher than four feet is required for N.H.'s safety.

35. Plaintiff Meri Kay Hodges testified at the hearing that Plaintiff N.H., due to his autism, has trouble understanding the dangers of strangers and leaving the house without a parent.

36. Plaintiff Meri Kay Hodges testified that she and Plaintiff Sharon Hodges plan to install at their home a security system with window and door alarms, so they will know if Plaintiff N.H. opens a window or door and attempts to leave their home without supervision. Plaintiffs have since installed such a security system at their home.

37. Plaintiff Meri Kay Hodges testified that Plaintiff N.H., due to his autism, global development delay, and ADHD, is very impulsive.

38. Plaintiff Sharon Hodges testified that Plaintiff N.H. can and will scale a four-foot fence or a chain link fence.

39. Plaintiff Sharon Hodges testified that N.H. is unaware of safety issues, that N.H. climbs things and runs, and that she has had to chase N.H. into the street.

40. Karen Ballard, MA, RN, FAAN, a pediatric psychiatric and mental health nurse who has known Plaintiff N.H. since he was a toddler, testified at the hearing regarding N.H.'s autism and developmental delays.

41. Ms. Ballard testified that, due to N.H.'s autism and developmental delays, teaching him to control himself is challenging and requires safe external controls.

42. Ms. Ballard testified that having a fence N.H. cannot climb in his yard is important for his development, in order to allow him to experience outdoor activities and to have a safe external control so N.H. can learn internal controls to not impulsively climb the fence and learn how to control himself in a safe space.

43. Ms. Ballard testified that N.H. is almost four-feet tall and needs a six-foot fence so that he cannot climb over it.

44. Ms. Ballard testified that a chain link fence would be inadequate because children easily can learn to climb a chain link fence.

45. Plaintiffs' next-door-neighbor testified at the hearing to oppose Plaintiffs' application for variance, asserting that a fence in Plaintiffs' yard

would block the view from the neighbor's backyard, across Plaintiffs' yard, to the street intersection at the far corner of Plaintiffs' lot.

46. Plaintiffs' next-door-neighbor testified that she wants to maintain that view so she can "watch" her neighborhood, "see what's going on" in her neighborhood, and "keep[] an eye on" her neighborhood.

47. Plaintiffs' next-door-neighbor testified that a four-foot fence in Plaintiffs' yard also would block her view.

48. Plaintiffs' next-door-neighbor testified that, if Plaintiffs install the proposed fence, she still would have a view of the street intersection from her front porch.

49. Plaintiffs' neighbor across the street testified at the hearing to oppose Plaintiffs' application for variance because he would not be able to see through a solid, six-foot fence and, therefore, would be unable to watch for potential criminal activity beyond the fence or see if something happens to N.H. in Plaintiffs' yard.

50. At the conclusion of the hearing on July 23, 2020, the Zoning Hearing Board voted four to one to deny Plaintiffs Meri Kay Hodges and Sharon Hodges's application for a variance.

51. The Wilkins Township Manager explained that the purpose of the hearing was to consider an application for a variance, which requires proof of a "hardship."

52. Under the Pennsylvania Municipalities Planning Code, a "hardship" that warrants a "variance" from a local zoning law relates only to hardship due to "unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property." 53 P.S. § 10910.2.

53. One Zoning Hearing Board member explained at the hearing that Plaintiffs did not meet the requirements for a variance.

Plaintiffs' Reasonable Accommodation Request

54. On August 13, 2020, counsel for Plaintiffs sent a letter to the Wilkins Township solicitor requesting that Wilkins Township permit Plaintiffs to construct the requested six-foot fence as a reasonable accommodation under the Fair Housing Act.

55. On August 17, 2020, the Zoning Hearing Board issued its written Findings of Fact and Conclusions of Law denying Plaintiff Meri Kay Hodges and Sharon Hodges's application for a variance, concluding that Meri Kay Hodges and Sharon Hodges "failed to effectively establish that a

hardship, as defined in the Pennsylvania Municipalities Planning Code exists."

56. On September 16, 2020, the Wilkins Township solicitor sent a letter to counsel for Plaintiffs, explaining that Wilkins Township does not have the ability to "overrule" the Zoning Hearing Board or to grant variances.

57. On October 2, 2020, counsel for Plaintiffs sent a letter to the Wilkins Township solicitor clarifying that Plaintiffs were not asking Wilkins Township to "overrule" the Zoning Hearing Board, or to grant a zoning "variance" under Pennsylvania law. Plaintiffs instead were requesting permission for deviation from the Wilkins Township Zoning Ordinance as a reasonable accommodation under the Fair Housing Act and Title II of the Americans With Disabilities Act, and were reaching out to the Wilkins Township solicitor because Wilkins Township does not have an established procedure for making such requests.

58. To date, Defendant Wilkins Township has failed to grant Plaintiffs' reasonable accommodation request.

Impact on N.H.

59. As a result of Defendant's unlawful conduct, Plaintiff N.H. does not have a safe outdoor space at his home and his opportunities for outdoor recreation and exercise are limited.

60. Due to Plaintiff N.H.'s autism, global development delay, and ADHD, when Plaintiff is unable to play outside at home, N.H.'s behavior becomes more impulsive. N.H. will scream, become verbally and physically aggressive with his parents and pets, and become self-injurious.

61. Due to N.H.'s limited opportunity for outdoor recreation and exercise, Plaintiff N.H. has gained weight.

62. As a result of Defendant's unlawful conduct, Plaintiff N.H. has suffered emotional and physical distress and a diminishment of his overall well-being.

**V. Claims**

### COUNT I – Fair Housing Act
### (Plaintiffs Meri Kay Hodges, Sharon Hodges, and N.H.)

63. Paragraphs 1 through 62 are incorporated herein by reference.

64. Plaintiff N.H. is a person with a disability, as defined pursuant to 42 U.S.C. § 3602(h). He has autism and ADHD, impairments that substantially limit his major life activities, including communication, learning, and interacting with others.

13

65. Plaintiffs Meri Kay Hodges and Sharon Hodges are associated with and have residing with them a person with a disability, N.H.

66. Defendant Wilkins Township has violated the Fair Housing Act, 42 U.S.C. § 3604(f), by refusing to make reasonable accommodations in the Wilkins Township Ordinance to allow the Plaintiffs to install an appropriate fence around the yard of their home, which is necessary to afford N.H. full use and enjoyment of his home, and which will not result in either a fundamental alteration to the Wilkins Township zoning scheme or undue financial or administrative burdens on Defendant Wilkins Township.

## COUNT II – Americans With Disabilities Act
### (Plaintiff N.H.)

67. Paragraphs 1 through 62 are incorporated herein by reference.

68. Defendant Wilkins Township is a "public entity," as that term is defined in 42 U.S.C. § 12131(1)(A).

69. Plaintiff N.H. is a person with a "disability," as that term is defined in 42 U.S.C. § 12102 and 28 C.F.R. § 35.108.  He has autism and ADHD, impairments that substantially limit his major life activities, including communication, learning, and interacting with others.

70. Defendant Wilkins Township has violated 42 U.S.C. § 12132 by refusing to make reasonable modifications in policies, practices, or procedures and allow Plaintiffs to install an appropriate fence around the

14

yard of their home, which is necessary to afford N.H. full use and enjoyment of his home, and which will not result in either a fundamental alteration to the Wilkins Township zoning scheme or undue financial or administrative burdens on Defendant Wilkins Township.  *See* 28 C.F.R. § 35.130(b)(7).

## VI. <u>Relief Requested</u>

71. Plaintiffs respectfully request that the Court award them the following relief:

    a.    exercise jurisdiction over this action;

    b.    issue appropriate declaratory relief and injunctive relief;

    c.    award compensatory damages; and

    d.    grant such other relief as may be appropriate, including reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 3613 and 42 U.S.C. § 12205.

## VII. <u>Jury Demand</u>

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a jury trial on all facts and claims so triable.

| | | |
|---|---|---|
| Dated: December 3, 2020 | By: | s/ Richard T. Ting |
| | | Richard T. Ting – PA I.D. 200438 |
| | | Disability Rights Pennsylvania |
| | | 429 Fourth Avenue, Suite 701 |
| | | Pittsburgh, PA 15219 |
| | | 412-391-5225 |
| | | 717-236-0192 (fax) |
| | | rting@disabilityrightspa.org |
| | | |
| | | Attorney for Plaintiffs |